## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **GLENDA BERNADETTE ALLEN,** | |
| **Plaintiff,** | |
| **v.** | **1:03-cv-0256-WSD** |
| **OLYMPUS SERVICING, L.P., et al.,** | |
| **Defendants.** | |

## <u>ORDER</u>

This is an action under the Real Estate Settlement Procedures Act

("RESPA"), 12 U.S.C. §§ 2601, <u>et seq.</u>, in which Plaintiff Glenda Bernadette Allen

("Plaintiff") alleges Defendants failed to notify her of the transfer of the servicing of

a loan, and wrongfully foreclosed on her house.[1]  It is before the Court on

Defendants RBMG, Inc. and NationsCredit Financial Services Corporation's

Motion for Summary Judgment [92] and Defendants Olympus Servicing L.P. and

Fairbanks Capital Corporation's Motion for Summary Judgment [94].

---

[1]  Although originally represented by counsel, Plaintiff is now proceeding *pro se.*

## I.    BACKGROUND[2]

On or about August 14, 2001, Plaintiff signed an initial Residential Loan Application to EquiCredit Corporation of Georgia ("EquiCredit") to refinance the mortgage on rental property she owned at 2646 Brandon Road, College Park, Georgia (the "Brandon Road Property").[3]   The purpose of the refinance loan (the "Loan") was to repair water damage to the basement and to the lawn at the Brandon Road Property.   The damage was caused by broken water pipes.

The Brandon Road Property was not Plaintiff's dwelling and Plaintiff did not use or intend to use the Property for personal, family or household purposes. When Plaintiff applied for the Loan, she lived at 110 Arborfield Way, Alpharetta, Georgia 30202.   On her loan application, Plaintiff listed the Brandon Road Property

---

[2]   The following facts are taken from Defendants' statements of undisputed material facts filed in support of their motions for summary judgment [92, 94].  As discussed in Section I, infra, Plaintiff did not respond to Defendants' motions for summary judgment.   Accordingly, these facts are deemed to be admitted.   See L.R. 56.1B(2)(a)(2), N.D. Ga.

[3]   Plaintiff was in the business of purchasing properties and upgrading the properties in order to rent or sell them.   At the relevant time, she owned and managed five (5) or more properties for rent or sale.

as "investment" property, and not as her residence.[4]  EquiCredit required certain

documents to be submitted as part of the application package[5] to evidence

ownership and rental of the property.  Plaintiff submitted her 2000 Federal Tax

Return, which lists the Brandon Road Property as rental real estate that generated

rental income of $13,500.  Plaintiff also submitted a lease for the Brandon Road

Property executed between Plaintiff and Art Pruitt for the term September 1, 2000,

to September 31, 2001, and evidence of an insurance policy covering the Property

as "non-owner occupied property."  EquiCredit approved Plaintiff's application.

Its decision to fund and originate the Loan was based on Plaintiff's loan application

package, specifically, her representations that the Brandon Road Property was

"investment property" and that the Loan was for "business purposes."

On or about August 29, 2001, the Loan was closed and Plaintiff executed a

Note, Security Deed, Rider and Waiver for the Loan.  The Note was in the amount

of $106,400 and its terms required Plaintiff to make successive monthly payments,

---

[4]  Plaintiff had purchased the Brandon Road Property in March 2000 at
auction without having ever seen it.  It was managed by one or more of her
business entities.

[5]  With her loan application, Plaintiff submitted additional documents.  The
documents and the application collectively comprise the "application package."

with the first payment in the amount of $1,025.56, due on October 1, 2001, and 358

subsequent payments in the amount of $937.67 due on the 1st day of each

succeeding month, with a final payment in the amount of $937.15 due on

September 1, 2031.  After the Loan closed, Plaintiff repaired the property with the

loan proceeds.

On August 14, 2001, the EquiCredit branch that originated Plaintiff's Loan

was purchased by Meritage Mortgage Corporation ("Meritage") and its then parent

company, Resource Bancshares Mortgage Group, Inc.  This purchase was

completed prior to the closing of the Loan.  At the closing of the Loan, EquiCredit

assigned the Loan to Meritage and it was recorded.[6]  Plaintiff never made any

payments on the Loan to EquiCredit or Resource Bancshares Mortgage Group,

Inc.[7]

---

[6] The Loan initially was serviced by either EquiCredit or Resource
Bancshares Mortgage Group, Inc.

[7] Plaintiff in her Complaint alleges she made payments on the Brandon Road
Property loan to EquiCredit and subsequent servicers of the Loan.  (See, e.g.,
Compl. ¶¶ 33, 34, 37, 38, 40, 46.)  In support of their motions for summary
judgment, however, Defendants submitted evidence demonstrating that they never
received any payments on the Loan and that the alleged payments set out in the
Complaint correspond in date and manner to Plaintiff's payments on a loan on
another of her properties.  (See, e.g., EquiCredit and RBMG's Statement of
Undisputed Material Facts at ¶¶ 22-23, 31-36.)  Plaintiff has failed to come forward

-4-

Servicing of the Loan was transferred to Defendant Olympus Servicing, LLP ("Olympus"), then known as "Calmco Servicing, LLP," effective December 1, 2001.  On November 21, 2001, Olympus sent a letter to the Brandon Road Property address to notify Plaintiff that the servicing of her Loan would be transferred to Olympus.  On December 6, 2001, EquiCredit gave written notice to Plaintiff of the transfer of servicing of her Loan and alerted her that the first payment due October 1, 2001, had not been received.  Plaintiff was requested to make this first payment.  Plaintiff never made any payments on the Loan to Olympus.  Olympus subsequently transferred servicing of the Loan to Defendant Fairbanks Capital Credit Corporation ("Fairbanks"), now known as Select Portfolio Servicing, Inc. ("SPS").  Plaintiff failed to make any payments on the Loan to Fairbanks, SPS or any other person.

On April 2, 2002, there was foreclosure on the Brandon Road Property and it was sold to a third-party, Countywide Home Buyers, LLC ("Countywide").[8]

_____

with evidence contradicting Defendants' assertion that she did not make any payments on the Loan.

[8]  The April 2, 2002 foreclosure sale appears to have been the subject of litigation in the Superior Court of Fulton County, Georgia.  Plaintiff alleges this action was dismissed in December 2002.

Nine months later, on January 19, 2003, Plaintiff filed her Complaint in this case.

Each of the defendants owned or serviced the Brandon Road Property loan, or is

the successor-in-interest to a company that owned or serviced the Loan.

Defendant RBMG, Inc. ("RBMG") is the successor-in-interest to Resource

Bancshares Mortgage Group, Inc., the company which originated the Loan.

Defendant NationsCredit Financial Services Corporation is the successor-in-interest

to EquiCredit, the company under whose title Resource Bancshares Mortgage

Group, Inc. was doing business when it originated the Loan, and who serviced the

Loan until December 1, 2001.[9]  Olympus serviced the Loan from December 1,

2001, until December 1, 2002, when servicing of the Loan was transferred to

Fairbanks.[10]

---

[9]  To avoid confusion, Defendant NationsCredit Financial Services Corporation is referred to as "EquiCredit" throughout this Order.

[10]  Neither Olympus nor Fairbanks ever owned the Note and Security Deed with respect to the Brandon Road Property loan, having acted only as servicing companies with respect to the Loan.  It appears from the record that RBMG or EquiCredit retained ownership of these documents.

## II.    DISCUSSION

Plaintiff asserts claims under RESPA for Defendants' alleged failure to notify her when servicing of her Loan was transferred between Defendants, and for their alleged failure to respond to her written requests.  She also asserts state-law claims for breach of contract, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, negligence, conversion and wrongful foreclosure, as well as a claim for violation of the Georgia Residential Mortgage Act (the "GMRA"). Each of Plaintiff's claims is asserted against EquiCredit, RBMG and Olympus, except for her RESPA claim for failure to respond to written requests, which is asserted against EquiCredit and Olympus, and her claim for wrongful foreclosure, which is asserted against Olympus.[11]  Plaintiff seeks actual and punitive damages, injunctive relief, and an award of her attorneys' fees and litigation expenses under

---

[11]  Plaintiff does not expressly assert any claims against Fairbanks, but states that its presence as a Defendant is necessary for Plaintiff to secure complete relief. (Compl. ¶ 4.)

O.C.G.A. § 13-6-11.[12]  Defendants have now moved for summary judgment on all of Plaintiff's claims.

Defendants filed their respective motions for summary judgment on April 20, 2005.  Despite being served with copies of Defendants' motions, as well as notices from the Clerk of the Court advising Plaintiff of the motions and her need to respond to the motions if she opposed them [93, 95], Plaintiff has not responded to the motion or requested an extension of time to do so.  Accordingly, Defendants' motions for summary judgment are deemed to be unopposed.  <u>See</u> L.R. 7.1B, N.D. Ga.

**A.     Summary Judgment Standard**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The party seeking summary judgment bears the burden of demonstrating the absence of

---

[12] In addition to denying Plaintiff's allegations, Olympus and Fairbanks assert cross-claims against EquiCredit and RBMG for negligence, conversion, constructive fraud, and breach of the covenant of good faith and fair dealing, and for indemnity and contribution [40, 41].

a genuine dispute as to any material fact.  <u>Herzog v. Castle Rock Entm't</u>, 193 F.3d 1241, 1246 (11th Cir. 1999).  Once the moving party has met this burden, the non-movant must demonstrate that summary judgment is inappropriate by designating specific facts showing a genuine issue for trial.  <u>Graham v. State Farm Mut. Ins. Co.</u>, 193 F.3d 1274, 1282 (11th Cir. 1999).

"If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."  Fed. R. Civ. P. 56(f).  That a motion for summary judgment is unopposed, however, does not automatically warrant the entry of judgment in favor of the moving party.  <u>See Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.</u>, 373 F.3d 241, 246 (2d Cir. 2004) ("Although the failure to respond [to a motion for summary judgment] may allow the district court to accept the movant's factual assertions as true, . . . the moving party must still establish that the undisputed facts entitle him to 'a judgment as a matter of law' . . .") (citations omitted).  "[I]n considering a motion for summary judgment, [the court] must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law."  <u>Custer v. Pan Am. Life Ins. Co.</u>, 12 F.3d 410, 416 (4th Cir. 1993).

The Court must view all evidence in the light most favorable to the party opposing the motion and must resolve all reasonable doubts in the non-movant's favor. United of Omaha Life Ins. Co. v. Sun Life Ins. Co. of Am., 894 F.2d 1555, 1558 (11th Cir. 1990). "[C]redibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury . . . ." Graham, 193 F.3d at 1282. "If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial." Herzog, 193 F.3d at 1246. But, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," summary judgment for the moving party is proper. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

**B.   Defendants' Motions for Summary Judgment**

      1.   RESPA Claims

Plaintiff asserts two claims under RESPA. First, she alleges EquiCredit, RBMG and Olympus violated RESPA by failing to notify her in writing that servicing of the Brandon Road Property loan had been transferred from RBMG/EquiCredit to Olympus in December 2001. (Compl. ¶ 67.) Second, she claims EquiCredit and Olympus violated the statute by failing to respond to her March 1, 2002 request for information concerning her Loan and maintaining their

adverse credit reporting with respect to the Loan.  (Id. at ¶¶ 68-69.)  Defendants

argue summary judgment is warranted on these claims because RESPA does not

apply to the Loan, and, even if it did, Defendants complied with the statute's

requirements regarding notice and response to written requests.  (EquiCredit and

RBMG's Mem. of Law in Supp. of Mot. for Summ. J. at 5-12; Olympus and

Fairbanks' Mot. for Summ. J. at 5-11.)

       RESPA is a consumer protection statute enacted to provide consumers with

"greater and more timely information on the nature of the costs of the [real estate]

settlement process," and to limit the "unnecessarily high settlement charges caused

by certain abusive practices."  12 U.S.C. § 2601; Haug v. Bank of Am., N.A., 317

F.3d 832, 836 (8th Cir. 2003).  The statute applies to "federally related mortgage

loans," but specifically exempts "credit transactions involving extensions of credit .

. . primarily for business, commercial, or agricultural purposes . . . ."  12 U.S.C.

§ 2606.  RESPA's implementing regulations confirm that RESPA applies to all

federally related mortgage loans except for, *inter alia*, "business purpose loans,"

which the regulation defines as "[a]n extension of credit primarily for a business,

commercial, or agricultural purpose, as defined by [the implementing regulations for

the Truth in Lending Act "TILA"].  See 24 C.F.R. § 3500.5(b)(2).  Courts have

-11-

held that a mortgage loan transaction involving rental property is a business purpose loan and is therefore not subject to RESPA.  See, e.g., Atuahene v. Sears Mortg. Corp., No. CIV. A. 98-930, 2000 WL 134326, *5 (E.D. Pa. Feb. 4, 2000) (dismissing RESPA claim for lack of subject-matter jurisdiction because the property subject to the alleged unlawful foreclosure was a rental property and therefore not covered by the statute).

The record evidence demonstrates, and Plaintiff does not dispute, that the Brandon Road Property was a rental property and the refinance mortgage obtained from EquiCredit was a business purpose loan.  Plaintiff did not use the Brandon Road Property as a residence at any point relevant to this litigation.  She obtained the Brandon Road Property loan from EquiCredit for the express purpose of making repairs to the Property so that it could be rented to third-parties, and as part of her loan application submitted a rental agreement between herself and a third-party.  Accordingly, the Loan is not subject to RESPA and Defendants' motions for summary judgment on this claim are GRANTED.[13]

---

[13]  Defendants also argue that summary judgment is warranted on this claim because they complied with RESPA's requirements regarding notice and responses to written requests for information.  Because the Loan is not subject to RESPA, it is not necessary for the Court to address this argument.

-12-

2.    <u>GMRA Claim</u>

The GMRA prohibits any person transacting a mortgage business in or from

Georgia from, *inter alia*, "[e]ngag[ing] in any transaction, practice, or course of

business which is not in good faith or fair dealing, or which operates a fraud upon

any person, in connection with the attempted or actual making of, purchase of,

transfer of, or sale of any mortgage loan . . . ."  O.C.G.A. § 7-1-1013(6).  The

statute defines "mortgage loan" as "a loan or agreement to extend credit made to a

natural person, which loan is secured by . . . [an] interest or lien upon any interest in

one-to-four family residential property . . . ."  <u>Id.</u> at § 7-1-1000(13).  "'Residential

property' means improved real property used or occupied, or intended to be used

or occupied, as the principal residence of a natural person."  <u>Id.</u> at § 7-1-1000(16).

Rental property and second homes are expressly excluded from coverage.  <u>Id.</u>

("Such term does not include rental property or second homes.").  Thus, like

RESPA, the GMRA does not apply to mortgage loans involving rental property.

Plaintiff asserts a claim under the GMRA against EquiCredit, RBMG and

Olympus, alleging they engaged in a transaction, practice, or course of business

which was not in good faith or fair dealing in connection with the purchase of and

sale of the Brandon Road Property loan.  (Compl. ¶¶ 72-73.)  As with her RESPA
claim, this claim fails because the Loan involved rental property and therefore is not
subject to the GMRA.  Accordingly, Defendants' motions for summary judgment
on this claim are GRANTED.

> 3.   <u>Claims for Breach of Contract and Breach of the Covenant of
> Good Faith and Fair Dealing</u>

Plaintiff alleges that EquiCredit, RBMG and Olympus breached contractual
duties owed to her by "mismanaging [her] mortgage account, . . . failing to respond
appropriately to her inquiries, and . . . reporting alleged mortgage arrearages to
credit reporting agencies . . . ."  (Compl ¶ 70.)  She also alleges that these
Defendants "breached their implied covenants of good faith and fair dealing with
[Plaintiff] as a matter of contract as a matter of tort by breaching a duty imposed
by law."  (Compl. ¶ 71.)  Plaintiff does not cite a specific document or contractual
provision to support this allegation, nor does her Complaint identify an agreement
between the parties which would support a cause of action for breach of contract.

Defendants EquiCredit and RBMG argue summary judgment on these claims
is appropriate because they did not breach any duties set out in the only contract
between them and Plaintiff -- the Note, Security Deed, Rider and Waiver executed

-14-

in connection with the Loan.  (EquiCredit and RBMG's Mem. of Law in Supp. of Mot. for Summ. J. at 18.)  Olympus moves for summary judgment on these claims on the ground that there was no contract between it and Plaintiff since it serviced the Loan but did not originate or own it.  (Olympus and Fairbanks' Mot. for Summ. J. at 12.)

These Defendants have sustained their burden as the movants on summary judgment to establish that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law with respect to Plaintiff's claims for breach of contract and for breach of the implied covenant of good faith and fair dealing.  See Odem v. Pace Acad., 510 S.E.2d 326, 331-32 (Ga. Ct. App. 1998) ("The elements for a breach of contract claim in Georgia are merely the breach and the resultant damages to the party who has the right to complain about the contract being broken.") (quotations omitted); see also Alan's of Atlanta, Inc. v. Minolta Corp., 903 F.2d 1414, 1429 (11th Cir. 1990) ("[The implied covenant of good faith and fair dealing] is a doctrine that modifies the meaning of all explicit terms in a contract, preventing a breach of those explicit terms *de facto* when performance is maintained *de jure*.  But it is not an undertaking that can be breached apart from those terms."); APA Excelsior III, L.P. v. Windley, 329 F. Supp. 2d 1328, 1365

(N.D. Ga. 2004) ("Plaintiffs attempt to invoke the implied covenant of good faith and fair dealing as a separate doctrine upon which they can recover; this they cannot do.").  Plaintiff has not responded to Defendants' motions, and the vague allegations in her Complaint are not sufficient to sustain her corresponding burden as the respondent to a properly supported motion for summary judgment.  See Graham, 193 F.3d at 1282.  Accordingly, Defendants' motions for summary judgment on these claims are GRANTED.

4.   Claims for Breach of Fiduciary Duty and Negligence

Plaintiff alleges that EquiCredit, RBMG and Olympus acted negligently in "mismanaging [her] mortgage account, in failing to respond appropriately to her inquiries, and in reporting alleged mortgage arrearages to credit reporting agencies . . . ."  (Compl ¶ 75.)  She also claims these Defendants' conduct constituted a breach of their alleged fiduciary duties owed to her.  (Compl. ¶ 74.)  EquiCredit, RBMG and Olympus argue summary judgment on these claims is appropriate because they did not breach any duties imposed by contract or law with respect to Plaintiff, and their relationship as mortgagees and servicers of the Brandon Road Property loan did not give rise to any fiduciary duties.  (See EquiCredit and

-16-

RBMG's Mem. of Law in Supp. of Mot. for Summ. J. at 17-18, 19-20; Olympus and Fairbanks' Mot. for Summ. J. at 13-18.)

Defendants have sustained their burden as the movants on summary judgment to establish that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law with respect to Plaintiff's claims for negligence and for breach of fiduciary duty.  See James v. Flash Foods, Inc., 598 S.E.2d 919, 922 (Ga. Ct. App. 2004) ("The essential elements of a negligence claim are: a duty to protect others against unreasonable risks; a breach of that duty; a reasonable close causal connection between the conduct and the resulting injury; and damage."); Pardue v. Bankers First Fed. Sav. & Loan Ass'n, 334 S.E.2d 926, 927 (Ga. Ct. App. 1985) ("There is . . . *particularly* no confidential relationship between lender and borrower or mortgagee and mortgagor for they are creditor and debtor with clearly opposite interests.").  Plaintiff has not responded to Defendants' motions, and the vague allegations in her Complaint are not sufficient to sustain her corresponding burden as the respondent to a properly supported motion for summary judgment.  See Graham, 193 F.3d at 1282.  Accordingly, Defendants' motions for summary judgment on these claims are GRANTED.

5.     Conversion

Plaintiff asserts a claim for conversion against EquiCredit, RBMG and

Olympus, alleging that they have failed to account for her payments on the Brandon

Road Property loan and have instead converted those payments for their own use.

(Compl. ¶ 77.)  Defendants argue summary judgment on these claims is warranted

because Plaintiff never made any payments on the Loan to Defendants, hence, there

was nothing for them to convert.  (See EquiCredit and RBMG's Mem. of Law in

Supp. of Mot. for Summ. J. at 20-22; Olympus and Fairbanks' Mot. for Summ. J.

at 18-19.)

"The four elements of a conversion claim in the State of Georgia are (1) that

the plaintiff have title or right of possession to the property in question, (2) that the

defendant have actual possession of the property, (3) that the plaintiff demand for

the property to be returned, and (4) that the defendant refuse to return the

property."  Club Car, Inc. v. Club Car (Quebec) Import, Inc., 276 F. Supp. 2d

1276, 1295 (S.D. Ga. 2003) (citing Hooks v. Cobb Center Pawn & Jewelry

Brokers, 527 S.E.2d 566, 569 (Ga. Ct. App. 1999)).  Here, it is undisputed that

Plaintiff did not make payments on the Loan to Defendants, and that Defendants

therefore did not have actual possession of the property alleged to have been

converted.  Accordingly, Defendants' motion for summary judgment on this claim is GRANTED.

>        6.    <u>Wrongful Foreclosure</u>

Plaintiff alleges Olympus wrongfully foreclosed on the Brandon Road Property despite the fact it had been notified of the servicing problems relating to her Loan, *i.e.*, her alleged confusion regarding the entity responsible for servicing the Loan.  (Compl. ¶ 78.)  Olympus moves for summary judgment on this claim, arguing, *inter alia*, that Plaintiff cannot show a causal connection between any alleged breach of duty by Olympus and her alleged damages resulting from the foreclosure.  (Olympus and Fairbanks' Mot. for Summ. J. at 19-21.)

"Georgia law requires a plaintiff asserting a claim of wrongful foreclosure to establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages."  <u>Heritage Creek Dev. Corp. v. Colonial Bank</u>, 601 S.E.2d 842, 844 (Ga. Ct. App. 2004).  It is undisputed that Plaintiff failed to make any payments on the Loan and that this failure, not any alleged breach of duty by Olympus, was the cause of the foreclosure and her alleged damages.  Accordingly, Plaintiff's claim for wrongful foreclosure fails and Olympus' motion for summary judgment on this

claim is GRANTED.  <u>See</u> <u>Heritage Creek</u>, 601 S.E.2d at 844-45 (holding that trial

court correctly granted summary judgment on the plaintiff's wrongful foreclosure

claim because the undisputed evidence showed that its alleged injury was solely

attributable to its multiple defaults on the loan payments, failure to cure such

defaults and failure to purchase the property at the foreclosure sale).[14]

### C.     Olympus' and Fairbanks' Cross-Claims

Rule 13 of the Federal Rules of Civil Procedure permits a party to assert

against a co-party any cross-claim arising out of the transaction or occurrence that

is the subject matter of the original action or of a counterclaim therein.  <u>See</u> Fed. R.

Civ. P. 13.  A district court's jurisdiction over cross-claims is supplemental.  <u>See</u>

28 U.S.C. § 1367(a).  Where the district court has dismissed all claims over which

it has original jurisdiction, the court, in its discretion, may decline to continue to

exercise supplemental jurisdiction over such claims.  <u>Id.</u> at § 1367(c).

---

[14]  Plaintiff also asserts claims against Defendants for her attorneys' fees under O.C.G.A. § 13-6-11 and against Olympus for punitive damages under O.C.G.A. § 51-12-5.1.  (Compl. ¶¶ 76, 79.)  Because the Court has granted summary judgment on Plaintiff's substantive claims, summary judgment on these claims is also GRANTED.

In this case, Olympus and Fairbanks assert cross-claims against EquiCredit and RBMG for negligence, conversion, constructive fraud, and breach of the covenant of good faith and fair dealing, and for indemnity and contribution. (Olympus' Answer and Cross-Claims [40] at ¶¶ 131-82; Fairbanks' Answer and Cross-Claims [41] at ¶¶ .)  The Court has now dismissed all claims over which it has original jurisdiction, and declines to continue to exercise supplemental jurisdiction over Olympus' and Fairbanks' cross-claims against EquiCredit and RBMG.  These claims are DISMISSED WITHOUT PREJUDICE.

III.    **CONCLUSION**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that RBMG and EquiCredit's Motion for Summary Judgment [92] and Olympus and Fairbanks' Motion for Summary Judgment [94] are **GRANTED** and the Clerk of Court is **DIRECTED** to enter judgment in favor of Defendants against Plaintiff.

**IT IS FURTHER ORDERED** that Olympus' and Fairbanks' cross-claims against EquiCredit and RBMG are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**, this 19th day of October, 2005.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE