IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GLENDA BERNADETTE ALLEN,<br><br>         Plaintiff,<br><br> v.<br><br>OLYMPUS SERVICING, L.P., et al.,<br><br>         Defendants. | 1:03-cv-0256-WSD |

**ORDER**

This matter is before the Court on Plaintiff Glenda Bernadette Allen's Motion for Reconsideration of Judgment ("Mot. for Recon.") [102] and Defendants' Response to Plaintiff's Motion for Reconsideration of Judgment [103]. In her motion, Plaintiff seeks the Court to reconsider its order and judgment entered on October 19, 2005. The grounds for Plaintiff's motion are inexact and confusing. One ground is based on an issue relating to "Standing." The second ground, which may or may not be related to her standing issue, appears to be that the Court failed to consider "what entity was entitled to receive mortgage payments and therefore [the Court] failed to establish what entity had the legal right to initiate

foreclosure proceedings." (Mot. for Recon. at 1-2).[1]  Defendants' oppose the motion on the grounds that Plaintiff has not articulated or provided legal support demonstrating that there is an appropriate reason to reconsider and that Plaintiff failed to respond to Defendants' Motion for Summary Judgment previously and thus is not permitted to assert the arguments she seeks to assert now.

*Discussion*

A motion for reconsideration is appropriate only where there is:  (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact.  Jersawitz v. People TV, 71 F. Supp. 2d 1330, 1344 (N.D. Ga. 1999); Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995).  "Motions for reconsideration shall not be filed as a matter of routine practice." N.D. Ga. L.R. 7.2(E).  Motions for reconsideration may not be used to present the Court with arguments already heard and dismissed, or to offer new legal theories or evidence that could have been presented in the previously filed motion.  Bryan v. Murphy, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003).

---

[1] Plaintiff may be claiming this Court failed to address which, if any, of Defendants had "standing" to foreclose.

Plaintiff argues in her Motion for Reconsideration why summary judgment should not have been granted against her.  These arguments were not asserted previously and it is inappropriate to raise them for the first time in a motion for reconsideration.  The grounds for reconsideration advanced are not based on (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact.  Accordingly, Plaintiff has not provided a proper basis for this Court to reconsider its October 19, 2005 Order.  To the extent Plaintiff complains now that the Court did not evaluate who was entitled to receive mortgage payments or to foreclose, the Court notes that its October 19, 2005 Order carefully tracked the legal relationship between Defendants, including those parties responsible for servicing the mortgage.  The Court properly evaluated each Defendants' relationship to the loan which was foreclosed.  (October 19, 2005 Order at 4-6.)

Because Plaintiff has not asserted an adequate or proper basis for the Court to reconsider its October 19, 2005 Order or the judgment entered against her,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration of Judgment [102] is **DENIED**.

**SO ORDERED**, this 29th day of December, 2005.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE